GUIDRY, Judge.
Marie Parker, individually and on behalf of her minor daughter, Regan E. Parker, filed this suit for damages allegedly resulting from a pickup truck/bicycle accident which occurred on June 30, 1986, when a bicycle, operated by Regan, collided with a pickup truck driven by Joseph Melancon. Adam Lafleur and Femest Landry were guest passengers in the Melancon vehicle. Plaintiff filed this suit against Joseph Me-lancon, Adam Lafleur, Femest C. Landry, John Doe, Jane Doe and XYZ Insurance Company.[1] Lafleur and Landry were subsequently dismissed as defendants on motions for summary judgment.
After trial on the merits, a jury found defendant, Joseph Melancon, free of any negligence. Accordingly, the trial court granted judgment dismissing all of plaintiffs demands against defendant, Joseph Melancon, with full prejudice. Plaintiff appealed.
FACTS
On June 30, 1986, Joseph Melancon was operating a 1984 Dodge pickup truck in a westerly direction on Lena Street in Lafayette, Louisiana. Melancon slowed his vehicle to about 10-15 miles per hour in anticipation of a stop sign at the “T” intersection of Lena and Pierce Streets. Regan Parker, then 6½ years old, operating a bicycle, from which the training wheels had recently been removed, suddenly exited the driveway of her home, entered the westbound lane of Lena Street, and struck the left rear portion of the Melancon vehicle above the left rear wheel. Upon hearing the impact, Melancon immediately braked and stopped his vehicle. Regan ran into her house and was later taken by ambulance to a local hospital. She was diagnosed as suffering from minor contusions and lacerations about the face and a fractured left clavicle.
At the time of the accident, the weather was clear and the road was dry. The only witnesses to the accident were the minor, Regan Parker, Joseph Melancon, and the latter’s seven year old grandson, Adam La-fleur, a passenger in Melancon’s truck. Fernest C. Landry, was also a passenger in the truck at the time of the accident but did not testify. Marie Parker, Regan’s mother, was also in the vicinity and heard the collision but she did not see the accident.
On appeal, plaintiff urges only that the jury erred when it found defendant, Joseph Melancon, free of any substandard conduct. We affirm.
*318 The record reflects that Melancon was proceeding in a westerly direction at approximately 10-15 miles per hour in the westbound lane of Lena Street, near its intersection with Pierce Street. Melancon testified that he was approaching the aforementioned intersection while “watching his road” and, without any warning, heard a noise near the left rear tire of his truck. Upon hearing the noise, he immediately braked to a complete stop, looked to his rear, and saw Regan near his left rear tire. By the time Melancon exited the truck, Regan was already in her house. Melan-con testified that, as one travels west on Lena Street, a view of the Parker driveway is obscured by bushes. He stated that the point of impact occurred in the westbound lane of Lena Street, even with the Parker driveway. Melancon’s testimony was corroborated by his young grandson, Adam.
Officer Ronald Czajkowki, the police officer who investigated the accident, also testified. He confirmed that the point of impact occurred in the westbound lane. He stated that there were no skid marks. He corroborated Melancon’s testimony regarding the location of the damage on the Me-lancon truck and the relative positions of the truck and bicycle after the accident. Officer Czajkowki opined that there was nothing Melancon could have done to avoid the accident.
Our careful review of the record in this case reveals no clear error in the jury’s determination that Joseph Melancon was free of substandard conduct or accident fault. Melancon was traveling at a reasonable rate of speed. He was maintaining a proper lookout. Apparently, Regan Parker exited the Parker driveway suddenly and without warning colliding with the left rear of the Melancon vehicle.
For the foregoing reasons, the judgment of the trial court is affirmed. Plaintiff-appellant is cast with all costs of this appeal.
AFFIRMED.

. Through answers to interrogatories, defendant, Joseph Melancon, stated that he possessed an Allstate Auto Policy on the vehicle involved in the accident. At trial, defense counsel stipulated that an Allstate Auto Policy covering Me-lancon’s vehicle was in full force and effect at the time of the accident. Allstate Insurance Company was never formally made a party to these proceedings. Additionally, John and Jane Doe were never identified.